# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARC ANTWAIN X. RIVERS, SR., :
MUHAMMAD, :
 :
        Plaintiff, :
v. : 3:17-CV-2415
 : (JUDGE MARIANI)
COREY DUMONT AND M. RENNICK, :
 :
        Defendants. :

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the Court is Magistrate Judge Mehalchick's Report and Recommendation ("R&R") (Doc. 26) regarding Defendants' motion to dismiss *pro se* Plaintiff Marc Antwain X. Rivers, Sr., Muhammad's ("Plaintiff's") complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) (Doc. 14). For the reasons stated below, the Court will adopt in part and reject in part the R&R, grant Defendants' motion to dismiss, and direct Plaintiff to file an amended complaint within 28 days if he wishes to maintain this action.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In this action filed on December 29, 2017, Plaintiff seeks recovery for alleged constitutional violations under 42 U.S.C. § 1983 as well as the criminal prosecution of Defendants (two Wilkes-Barre city police officers) under 18 U.S.C. §§ 241-242, due to events that occurred on the night of September 23 into the morning of September 24, 2017. (Doc. 1). Liberally construing *pro se* Plaintiff's Complaint, *Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), a summary of the factual allegations is as follows:

During night hours, Plaintiff was "outside in the parking lot sidewalk area" of his housing complex, Mineral Springs, in Wilkes-Barre.[1] (Doc. 1 at 3). Defendants arrived and approached Plaintiff, stating that they were responding to a phone call of a disturbance in the area. (*Id.* at 3). Plaintiff alleges he told Defendants he was engaged in "having a heavy conversation with my Allah, God, Master Fard Muhammad because he teaches us in the Holy Quran that night is the best time" to speak with or pray to him. (*Id.* at 3-4). Plaintiff further alleges that he told Defendants that his conversation with "Allah God Master Fard Muhammad" was related to various prior legal proceedings involving Plaintiff, his family, and the Luzerne County Court of Common Pleas and the Superior Court of Pennsylvania, and complaints Plaintiff had regarding the legal system. (*Id.* at 4-6). Defendants instructed Plaintiff to stop yelling, and Plaintiff responded that he had a sore throat. (*Id.* at 7). After a period of conversation with Defendants, "[Plaintiff] was allowed to disengage in conversation with them," and he returned inside his home. (*Id.*) However, soon thereafter, Plaintiff decided that he "was not going to let [the police] intimidate me" and was going "to continue in the free exercise and enjoyment of my rights to liberty and freedom of religious practice and exercise and speech and expression in my worship and conversation with Allah God Master Fard Muhammad." (*Id.*) After exiting his home, Plaintiff was confronted by one of the Defendants, Officer Dumont, and was arrested for disorderly conduct and public

---

[1] Most of Plaintiff's Complaint is not organized into sequential paragraphs. Accordingly, citations are to the page numbers Plaintiff has added to his handwritten Complaint.

drunkenness.[2] (*Id.* at 7-8). Plaintiff has appealed his summary conviction for these crimes in state court proceedings. (*Id.* at 10).

Construing his claims broadly, Plaintiff alleges that Defendants violated his First Amendment rights to free exercise of religion and freedom of speech, his Fourth and Fourteenth Amendment rights due to his unlawful arrest and malicious prosecution, and various similar rights under the Pennsylvania state constitution. (*Id.* at 3). He seeks "nominal, compensatory, and punitive damages" and wants Defendants criminally prosecuted under 18 U.S.C. §§ 241-42. (*Id.* at 9).

Defendants filed a motion to dismiss Plaintiff's Complaint on May 29, 2018, arguing that Plaintiff's Complaint fails to state a claim upon which relief can be granted. (Doc. 14, Doc. 17). Defendants contend that Plaintiff's suit is a collateral attack on his arrest and conviction, and is thus barred by *Heck v. Humphrey*, 512 U.S. 477, 476-87 (1994). (Doc. 17 at 6, 8, 9-11). Defendants further argue that Plaintiff has not sufficiently and plausibly alleged that Defendants interfered with his right to practice his religion or his freedom of speech, or that Defendants retaliated against him for the exercise of those rights. (*Id.* at 5-7). Defendants also contend that the Pennsylvania state constitutional claims, official capacity claims, and punitive damages claims should be dismissed. (*Id.* at 12-13). Plaintiff responds that his actions the night of his arrest did not justify his arrest, and that Defendants

---

[2] Documents attached to Plaintiff's Complaint indicate that the offenses for which Plaintiff was arrested are 18 Pa. Stat. and Cons. Stat. Ann. § 5505 (public drunkenness) and 18 Pa. Stat. and Cons. Stat. Ann. § 5503(a)(2) (disorderly conduct – unreasonable noise).

3

arrested him for exercising his religion.[3] (Doc. 19 at 6-7). Defendants reply that Plaintiff "fails to credibly counter any of the legal deficiencies in his complaint and instead he recycles legal arguments and factual assertions articulated in his complaint." (Doc. 22 at 4).

Magistrate Judge Mehalchick issued an R&R on February 6, 2019, recommending dismissal of Plaintiff's Complaint with leave to amend. (Doc. 26). Plaintiff filed Objections to the R&R, although these were not formally docketed on the record but rather were included as an attachment to Defendants' Appendix of Exhibits in Support of their Brief in Opposition to Plaintiff's Objections to the R&R. (Doc. 28-1). Plaintiff asserts in his Objections that he "[has] clearly articulated under liberal construance [sic]" that he has stated a claim for relief. (*Id.*)

### III. LEGAL STANDARD

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or

---

[3] Plaintiff filed two documents in opposition to the motion to dismiss. The first (Doc. 19), filed on June 18, 2018, is styled a "Motion in Opposition of Defendants Motion to Dismiss" and "Motion for Judgment as a Matter of Law pursuant to Federal Rules of Civil Procedure Rule 50." The Court construes this as Plaintiff's brief in opposition to the motion to dismiss. The second (Doc. 23), filed on July 3, 2018, is a "Brief in Support" of Plaintiff's motion in opposition, construed by the Court as a *sua sponte* surreply to Defendants' reply brief in support of their motion to dismiss.

4

recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations, alterations, and quotations marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Labs.*, 707 F.3d 223, 231 n.14 (3d Cir. 2013) (internal citation, alteration, and quotation marks omitted). Thus, "the presumption of truth attaches only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S.

5

at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.*

"Although the plausibility standard 'does not impose a probability requirement,' it does require a pleading to show 'more than a sheer possibility that a defendant has acted unlawfully.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal citation omitted) (first quoting *Twombly*, 550 U.S. at 556; then quoting *Iqbal*, 556 U.S. at 678). "The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* at 786-87 (quoting *Iqbal*, 556 U.S. 679).

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

### IV. ANALYSIS

Upon *de novo* review of the R&R, the Court will adopt the findings of Magistrate Judge Mehalchick with respect to Plaintiff's Fourth/Fourteenth Amendment and Pennsylvania state constitutional claims.[4] The Court also does not reject the

---

[4] The R&R recommended dismissal of Plaintiff's Pennsylvania state constitutional claims without distinguishing between claims for damages and claims for equitable relief. (Doc. 26 at 11). However, the

6

recommendation of the R&R to dismiss with leave to amend Plaintiff's First Amendment claims regarding free exercise of religion and freedom of speech. However, the Court does not accept all the R&R's reasoning with respect to those claims and writes here to correct and clarify the claims at issue and the legal standards used to evaluate the claims. The Court also notes that the R&R did not address Plaintiff's claim under 18 U.S.C. §§ 241-42, and that it should be dismissed with prejudice, as a private plaintiff cannot bring a criminal prosecution. Finally, the Court will not adopt the findings of the R&R with respect to Plaintiff's claims against Defendants in their official capacities, and clarifies that while Plaintiff cannot seek punitive damages against Defendants in their official capacities, he is permitted to do so if alleging claims against Defendants in their individual capacities.

### A. FIRST AMENDMENT FREE EXERCISE CLAIM

The R&R recommends dismissal of Plaintiff's First Amendment free exercise claim because Plaintiff does not allege that Defendants "inhibited him from manifesting some central tenant [sic] of his religious beliefs, or that he was in some way prevented from engaging in activities fundamental to the practice of his religion." (Doc. 26 at 8). In setting forth the legal standard which it uses to determine if Plaintiff has alleged that Defendants'

---

Court notes that while it is correct that a litigant cannot seek damages in a suit alleging violations of the Pennsylvania state constitution, equitable remedies are available. *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 688 (3d Cir. 2011). Here, Plaintiff does not appear to seek equitable relief, only damages. (Doc. 1 at 9 (seeking "the maximum amount of damages allowed by law against the defendants")). Thus, Plaintiff will not be granted leave to amend his complaint to allege claims for damages under the Pennsylvania state constitution, but can amend those claims to seek equitable relief. The Court further notes that the R&R did not address the application of *Heck* acting as a potential bar to the First Amendment claims, as urged by Defendants. (*See* Doc. 17 at 6-7). The Court will not consider the application of *Heck* to the First Amendment claims in this opinion, as it finds that there are other reasons for concluding that the First Amendment claims fail to state a claim for relief.

violated his right to free exercise of religion, the R&R cites a Third Circuit case from 1994, *Brown v. Borough of Mahaffey*, 35 F.3d 846 (3d Cir. 1994), and a 1996 case from this District, *Klemka v. Nichols*, 943 F. Supp. 470 (M.D. Pa. 1996). (*Id.*) Citing *Klemka*, the R&R states that "in order to state a *prima facie* case against a state actor for non-intentional interference with her religious beliefs, plaintiff must allege that his religion is established, that she sincerely believes in its tenants [sic], and that the state actor's conduct has 'substantially interfered' with her [sic] practice of religion." (*Id.*) However, both *Brown* and *Klemka* rely on a legal standard imported from the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, *et seq. Brown*, 35 F.3d at 849-50; *Klemka*, 943 F. Supp. at 474-75 (noting that the RFRA provides the standard for evaluating a free exercise claim and that government can only substantially burden the exercise of religion if the burden furthers a compelling government interest and is the least restrictive means of furthering that interest). In 1997 in *City of Boerne v. Flores*, 521 U.S. 507 (1997), the Supreme Court found that Congress exceeded its constitutional authority in applying the RFRA to the actions of state governments, as opposed to merely the federal government. *Id.* at 536; *Adams v. Comm'r of Int. Rev.*, 170 F.3d 173, 175 (3d Cir. 1999) (assuming RFRA still constitutional as applied to the federal government). Here, Plaintiff has not brought a claim under the RFRA, nor has he brought a claim against the federal government or its agents.

Accordingly, the proper standard under which to evaluate Plaintiff's allegations is different than that set forth in the R&R, and is also not addressed by the parties in their respective briefing:

> When religiously motivated conduct comes into conflict with a law or government action, the analysis of a free exercise claim depends on the nature of the challenged law or government action. *Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly,* 309 F.3d 144, 165 (3d Cir.2002). If government action is "neutral" and "generally applicable," and burdens religious conduct only incidentally, the Free Exercise Clause offers no protection. *Blackhawk v. Pennsylvania,* 381 F.3d 202, 209 (3d Cir. 2004); *Tenafly,* 309 F.3d at 165. On the other hand, if government action is not neutral and generally applicable, strict scrutiny applies, and the government action violates the Free Exercise Clause unless it is narrowly tailored to advance a compelling government interest. *Id.* Government action is not neutral and not generally applicable if it burdens religious conduct because of its religious motivation or if it burdens religiously motivated conduct but exempts substantial comparable conduct that is not religiously motivated. *Church of the Lukumi Babalu Aye., Inc. v. Hialeah,* 508 U.S. 520, 533 (1993); *Blackhawk,* 381 F.3d at 209; *Tenafly,* 309 F.3d at 165.

*Holman v. Koltanovich,* No. 06-cv-2133, 2007 WL 3125048, at *4 (M.D. Pa. Oct. 23, 2007) (full citations added), *aff'd sub nom. Holman v. City of York,* 564 F.3d 225 (3d Cir. 2009); *Tenafly,* 309 F.3d at 165 (noting that "a free exercise claim can prompt either strict scrutiny or rational basis review").[5]

Rational basis review of Defendants' conduct applies here. Assuming the truth of Plaintiff's well-pled factual allegations, the Court finds that Plaintiff has not pled facts that suggest that Defendants' conduct, either in initially confronting Plaintiff or later arresting him for disorderly conduct and public drunkenness, did not consist of neutral and generally applicable actions that only incidentally burdened Plaintiff's asserted practice of his religion. In the Complaint, Plaintiff does not allege that Defendants arrested him because of his religion; or that the laws that he was arrested for violating unlawfully discriminate against

---

[5] "To survive strict scrutiny, a challenged government action must be narrowly tailored to advance a compelling government interest, whereas rational basis review requires merely that the action be rationally related to a legitimate government objective." *Tenafly,* 309 F.3d at 165 n.24.

9

religious conduct; or that Defendants enforced otherwise neutral laws in a discriminatory, religiously-motivated fashion. Instead, Plaintiff sets forth conclusory allegations that Defendants violated his rights by "prohibiting me from walking and talking to God." (Doc. 1 at 8). In the absence of other factual allegations suggesting to the contrary, Defendants' conduct (confronting and arresting Plaintiff) is rationally related to the legitimate government objective of enforcing state law. As the Complaint stands now, Plaintiff's First Amendment free exercise claim fails to state a claim upon which relief can be granted. The Court will dismiss the claim with leave to amend.

## B. FIRST AMENDMENT FREE SPEECH CLAIM

The R&R recommends dismissal of Plaintiff's First Amendment freedom of speech claim, construing it as a claim for free speech retaliation. Specifically, the R&R states that Plaintiff appears to be "attempting to allege that his arrest was in retaliation for his past interactions with the justice systems." (Doc. 26 at 8-9). The R&R finds that Plaintiff "fails to allege any causal connection between the purported protected activity and his arrest." (*Id.* at 9 (citing *Lauren W. ex rel Jean W. v. DeFlaminis*, 480 F.3d, 259, 267 (3d Cir. 2007) (setting forth retaliation standard)). The Court does not disagree with this finding. However, the Court finds that Plaintiff also appears to allege a free speech retaliation claim with respect to Plaintiff's apparent airing of grievances more generally with respect to his issues with the legal system or his complaints about politics that are not limited to his prior run-ins with the law. (Doc. 1 at 4 (remarking on "parental kidnapping" of his son and lack of assistance provided by the legal authorities), 7 (remarking on "form of government" in the

10

country)). Like the retaliation claim considered in the R&R, the only causal connection plausibly asserted here is the temporal proximity between Plaintiff's speech and his arrest. Plaintiff does not allege that this temporal proximity is unusually suggestive of retaliatory intent, particularly considering that Defendants were investigating a noise complaint and Plaintiff admits that his discourse was "angry" and was construed by Defendants as "yelling." *DeFlaminis*, 480 F.3d at 267 (noting that the temporal proximity must be "unusually suggestive" or that there must be "a pattern of antagonism coupled with timing to establish a causal link"); (Doc. 1 at 6-7). Thus, Plaintiff's First Amendment Free Speech claim will be dismissed with leave to amend.

### C. CLAIM SEEKING CRIMINAL PROSECUTION OF DEFENDANTS UNDER 18 U.S.C. §§ 241-42

Neither the R&R nor Defendants' motion to dismiss address Plaintiff's claim for criminal prosecution of the Defendants under 18 U.S.C. §§ 241-42. (Doc. 1 at 9). A private plaintiff cannot seek criminal prosecution of a defendant under these statutory provisions. *Watson v. Washington Twp. of Gloucester Cty. Pub. Sch. Dist.*, 413 F. App'x 466, 468 (3d Cir. 2011). Thus, the Court will dismiss this claim with prejudice.

### D. SUIT AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES

The R&R recommends dismissal of claims against Defendants in their official capacities, reasoning that "claims asserted against individual defendants in their official capacities are redundant if the plaintiff has also sued the entity." (Doc. 26 at 11). This is true. *See, e.g., Judge v. Shikellamy Sch. Dist.*, 135 F. Supp. 3d 284, 300-01 (M.D. Pa. 2015). However, as the R&R acknowledges, Plaintiff has *not* named the municipal entity

11

(the City of Wilkes-Barre) as a defendant. (*Id.*) Nonetheless, the R&R recommends dismissal of the claims against Defendants in their official capacities with prejudice. (*Id.*) The Court will not adopt this portion of the R&R. Though the Court will dismiss Plaintiff's Complaint in its entirety with leave to amend because it finds that Plaintiff has not stated any cognizable claim for relief, in an amended pleading he will be permitted to allege claims against Defendants in their official capacities unless he also amends the Complaint to name the municipal entity as a defendant, in which case the defendant officers' official capacity claims will be subject to dismissal with prejudice.

### E. AVAILABILITY OF PUNITIVE DAMAGES

Finally, the R&R recommends dismissal of "[Plaintiff's] claims for punitive damages against the governmental entity" because punitive damages are not available against municipal entities in a Section 1983 action. (Doc. 26 at 12-13). And the R&R recommends denying dismissal of punitive damage claims "to the extent that [Plaintiff] is seeking punitive damages against the Defendants in their individual capacities . . . as the record is yet undeveloped at the motion to dismiss stage." (*Id.* at 13). The Court will adopt in part and reject in part this portion of the R&R.

As stated above, Plaintiff has not named any municipal entity as a defendant in this action, and, for that reason, the R&R has incorrectly recommended that Plaintiff's claims against Officers Dumont and Rennick, brought in their official capacities, be dismissed with prejudice. Further, Plaintiff has not sued the defendant officers in their individual capacities, yet clearly seeks punitive damages. To correct *pro se* Plaintiff's pleading omissions and the

12

erroneous recommendation of the Magistrate Judge that the official capacity claims brought by Plaintiff against the defendant officers be dismissed with prejudice, the Court will order Plaintiff, should he wish to properly seek punitive damages, to do the following: amend his complaint by suing the defendant officers in their individual capacities. Punitive damages are not available against a municipality in a Section 1983 action but are available in actions against officials in their individual capacities. *Kentucky v. Graham*, 473 U.S. 159, 167 n.13 (1985).

## V. CONCLUSION

For the reasons discussed above, the Court will adopt the R&R in part and reject it in part. Defendants' motion to dismiss will be granted, and Plaintiff will be provided with leave to amend his Complaint.[6] However, in an amended pleading, Plaintiff will not be permitted to assert claims under 18 U.S.C. §§ 241-42 against Defendants. To the extent he wishes to retain claims under the Pennsylvania state constitution in an amended pleading, he can only seek equitable relief for those claims. If Plaintiff does not name the City of Wilkes-Barre as a defendant in his amended pleading, he will be permitted to assert claims against Defendants in their official capacities, as well as in their individual capacities. Conversely, Plaintiff may, as explained *supra* in Section IV.E, add the City of Wilkes-Barre as a defendant and bring his action against the defendant officers solely in their individual

---

[6] Plaintiff stated in his Opposition to the R&R that he "cannot comply with the Court's request for an Amended Complaint" because he is ill. (Doc. 28-1). However, in an abundance of caution, the Court will provide him with leave to amend the Complaint.

13

capacities, which will allow him to bring claims for punitive damages against the defendant officers. A separate Order follows.

Robert D. Mariani
United States District Judge